# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RONNIE JONES,**

**Plaintiff,**

**v.**                                                                                          **Case No. 05-C-0966**

**BADGER METER,**

**Defendant.**

---

# DECISION AND ORDER

---

On September 8, 2005, Ronnie Jones ("Jones") filed his *pro se* complaint in this Court, alleging wrongful termination and discrimination by his former employer, Badger Meter. In his complaint, Jones states that Badger Meter terminated his employment based on false accusations of harassment brought by a co-worker. He alleges that Badger Meter made no investigation into the allegations against him that formed the basis of his termination. Jones seeks monetary damages and possible reinstatement with Badger Meter. Currently before the Court are Jones's petition to proceed *in forma pauperis* (IFP) and his motion to appoint counsel.

To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to

state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2). The Court is obliged to give Jones's *pro se* allegations, however unartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In support of his request to proceed IFP, Jones has submitted the requisite affidavit of indigence with his complaint. Jones is currently unemployed, but identifies a house, valued at $120,000, and a car as his valuable assets. Jones's affidavit also lists outstanding credit card debt of $15,000 and monthly costs, including mortgage payments, automobile payments, and insurance premiums, totaling approximately $2,300.

Three items in Jones's petition and affidavit require further examination and clarification. First, while Jones's affidavit indicates that he is no longer employed, he has failed to answer question 4(C), which asks the affiant to supply the date of his last employment and the monthly salary or wages received therefrom. A litigant wishing to proceed *pro se* is obligated to supply requested information so that the Court may make an informed assessment of his financial circumstances. As submitted, Jones's affidavit is incomplete.

Second, Jones lists a monthly car payment of $847. This seems quite high. The Court recognizes that a litigant need not demonstrate abject poverty to qualify for IFP status, *see Lumbert v. Illinois Dep't of Corr.*, 824 F.2d 257, 260 (7th Cir. 1987), and he need not forego the necessities of life in order to pay the costs of his litigation. *Id.* Still, the Court is not here

2

simply to rubber stamp applications to proceed IFP. Intelligent review of an individual's financial circumstances requires some degree of probing by the Court. There would be something terribly incongruous about an applicant receiving IFP status and zipping around town in the latest luxury car or SUV.

The Court recognizes that it is often a difficult line to draw between the necessities of life and unnecessary luxury. For example, a large abode may be a necessity for a large family, but a luxury for a lone occupant. Likewise, multiple cars may be a necessity for a family with multiple children, but a luxury when owned by a single driver for his lone use. To make these determinations is an inexact art, but one that is greatly facilitated by the proffering of key information. Thus, to assess Jones's claim of indigence further, more information is needed. In addition to answering required questions, if Jones submits an amended petition and affidavit, he should include the year and model of his car, the payments for which he identifies as an expense in his filing. Also, if there are extenuating circumstances that have resulted in such a high monthly car payment, he should apprise the Court accordingly.

Third, Jones lists a house as one of his assets, with a value of $120,000. He identifies monthly "house payments" of $1,095, which the Court interprets as mortgage payments. Typically, IFP applicants are renters who do not own real estate. In the present instance, while it is important to know the approximate value of Jones's house, the Court also must inquire how much of his residence's value is outstanding debt and how much Jones may

3

claim outright as his own. In other words, Jones must inform the Court how much he owes on his mortgage. Similar to the Court's discussion of Jones's car, it would be unusual to grant IFP status to an individual who owns the vast percentage of his house outright with only a small balance left on his mortgage. Ownership of a home is a significant form of equity. Therefore, to further assess Jones's claim of indigence, he is instructed to inform the Court of the outstanding balance on his mortgage. Until the information described above is received in the form of an amended petition and affidavit, the Court will deny Jones's motion for leave to proceed IFP.

Jones has also filed a motion for appointment of counsel. In fact, his "motion" is simply one sentence, which states that he requests counsel. While the Court welcomes brevity, a litigant must meet the substantive requirements of the law. This, Jones has not done. A civil litigant has no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (citing *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982)). This Court is authorized to request, but not to compel (*see Mallard v. United States District Court*, 490 U.S. 296 (1989)), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e). The threshold requirement for appointment of counsel under § 1915(e) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id*. Once

4

this initial requirement is met, the Court, in exercising its discretion with regard to a plaintiff's request, must address the following question: "given the difficulty of the case, did the plaintiff appear to be competent to try [the case] himself, and, if not, would the presence of counsel have made a difference in the outcome. *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Jones has failed to establish his indigence for purposes of prosecuting his action. Even if he had made this requisite showing, however, his application for counsel would still be denied. Jones has not demonstrated that he has attempted to obtain counsel. A litigant may demonstrate such attempts by supplying the Court with the names, addresses, and telephone numbers of attorneys whom he has contacted and the reasons provided by the attorneys for refusing their services. The Court emphasizes that multiple attempts must be made; contacting one or two attorneys is insufficient. Furthermore, the plaintiff's efforts to secure representation must be reasonable. For example, the Court would deny appointment of counsel if a litigant contacted only divorce or criminal attorneys when his filed action was clearly a civil matter involving claims of discrimination or wrongful termination.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Jones's Motion for Leave to Proceed in Forma Pauperis (Docket No. 2) is **DENIED** without prejudice.

5

Jones's Motion for Appointment of Counsel (Docket No. 3) is **DENIED** without prejudice.

Jones must either pay the requisite filing fee for his action or submit an amended petition and affidavit for leave to proceed in forma pauperis consistent with this Court's decision. The filing fee or amended petition and affidavit must be received by the Court no later than October 14, 2005. If the fee has not been paid, or an amended petition and affidavit received, by that date, Jones's action will be dismissed.

Dated at Milwaukee, Wisconsin this 12th day of September, 2005.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**